OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 23, 2001

Ms. Lois Ewald
Executive Director
Texas Optometry Board
333 Guadalupe Street, Suite 2-420
Austin, Texas 78701-3942

Opinion No. JC-0381

Re: Whether an "optometric glaucoma specialist" may use that designation as his sole professional title (RQ-0329-JC)

Dear Ms. Ewald:

You ask whether optometric glaucoma specialists, a new class of licensees of the Texas Optometry Board (the "Board") created by the Seventy-sixth Legislature in House Bill 1051, may use the phrase "optometric glaucoma specialist" as an exclusive professional designation. We conclude, in light of section 104.003(f) of the Occupations Code, that they may not use that designation exclusively.

House Bill 1051 amended article 4552-1.03 of the Revised Civil Statutes, the Texas Optometry Act, to permit certified therapeutic optometrists "to treat certain diseases and conditions with specific classes of pharmaceuticals and [the bill] sets forth conditions under and protocol for which a therapeutic optometrist may treat glaucoma." HOUSE COMM. ON PUBLIC HEALTH, BILL ANALYSIS, Tex. H.B. 1051, 76th Leg., R.S. (1999). It amends article 4552-1.03 by adding, *inter alia*, subsection (r), which provides in relevant part that "A therapeutic optometrist certified under this subsection shall be known as an optometric glaucoma specialist."[1]

Section 104.003(f) of the Occupations Code requires that all licensees of the Texas Optometry Board designate themselves as:

(1) optometrist;

---

[1] In a nonsubstantive revision, article 4552-1.03 of the Revised Civil Statutes was repealed and recodified in the Occupations Code. In the same session, subsection (r) was added to article 4552-1.03 by the Seventy-sixth Legislature. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 6(a), 1999 Tex. Gen. Laws 1431, 2440, *repealing* article 4552-1.03; *see also* Act of May 20, 1999, 76th Leg., R.S., ch. 733, § 2, 1999 Tex. Gen. Laws 3342, 3344, *adding* subsection (r). Section 311.031(c) of the Government Code provides, in part, that the repeal of a statute by a code does not affect an amendment of the statute by the same legislature which enacted the code and that the amendment is preserved and given effect as part of the code provision. TEX. GOV'T CODE ANN. § 311.031(c) (Vernon 1998). For text of subsection (r), see note following section 351.160 of the Occupations Code.

(2) doctor, optometrist:

(3) doctor of optometry; or

(4) O.D.

TEX. OCC. CODE ANN. § 104.003(f) (Vernon 2001).

A brief submitted by the Board suggests that subsection (r) and section 104.003(f) are in conflict, and that therefore this office must either harmonize them by construing subsection (r) as implicitly adding another designation to the list in section 104.003(f), or conclude, if we find the statutes irreconcilable, that subsection (r) controls as both more specific and later in time than section 104.003(f).[2] In our view, however, following the argument of Attorney General Opinion JM-1279, there is no conflict between the two statutes. A licensee of the Optometry Board can without difficulty conform his or her behavior to the mandate of both statutes. Such a licensee accordingly remains bound by section 104.003(f), and cannot use "optometric glaucoma specialist" exclusively as a professional designation.

In Attorney General Opinion JM-1279, the question presented was whether by rule the Board of Chiropractic Examiners might permit chiropractors to use the title "chiropractic physician." In determining that such a rule was permissible so long as the phrase was employed in addition to one of the terms or phrases required by the statutory predecessor of section 104.003 of the Occupations Code, this office opined:

> We do not construe article 4590e, [Revised Civil Statutes], to set forth an exclusive list of titles that those professionals regulated by the statute may employ. Rather, we construe the statute to set forth, in effect, minimum requirements with which the regulated professionals must comply. In other words, we construe [it] to require the use by a regulated professional of one of the designations set forth in the section, but it is silent with regard to whether such a licensee may employ any *additional* designation.

Tex. Att'y Gen. Op. No. JM-1279 (1990) at 4-5.

Similarly, nothing in the language of subsection (r) requires an optometric glaucoma specialist to be known only, solely, or exclusively as an "optometric glaucoma specialist." The statute requires that such a practitioner "shall be known as an optometric glaucoma specialist," but, in the words of Attorney General Opinion JM-1279, "is silent with regard to whether such a licensee may employ any *additional* designation." *Id.* at 5.

---

[2]Brief from Chris Kloeris, Legal Counsel, Texas Optometry Board, to Ms. Susan D. Gusky, Chair, Opinion Committee, Office of the Attorney General, at 1-2 (Jan. 9, 2001) (on file with Opinion Committee).

Accordingly, nothing in law or logic prevents a licensee from obeying both of these independent statutory mandates, and there is no conflict for this office to harmonize. That being the case, an optometric glaucoma specialist may not violate the directive of section 104.003(f) of the Occupations Code by exclusively so styling him- or herself as such, but must in addition use one of the four designations that statute requires.

## S U M M A R Y

An optometric glaucoma specialist may not use the phrase "optometric glaucoma specialist" exclusively as a professional designation.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee